IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK DILL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No: 06-cv-744-MJR** |
| | ) |
| **VILLAGE OF CAHOKIA,** | ) |
| **SEAN ADAMS and LARRY FLINN,** | ) |
| **Individually, and as Police Officers** | ) |
| **for the Village of Cahokia, Illinois,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Filed under 28 U.S.C. § 1983, this case comes before the Court on Defendant's, Village of Cahokia's ("Village"), motion to dismiss. For the reasons stated below, the Court denies the motion.

### I.    Introduction

In December, 2004, Police Officer Sean Adams ("Adams") arrested Frank Dill for Domestic Battery. Dill alleges that Adams physically assaulted him and repeatedly beat and tased him about his face, head and body. Dill claims that when Police Sergeant Larry Flinn ("Flinn") arrived, he, too, beat and tased Dill about his face, head and body. Dill alleges that Adams' and Flinn's actions were taken under color of state law and violated his due process rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. As to the Village, Dill asserts that it, knowingly and recklessly, failed to take adequate precautions to prevent physical abuse by its police officers, in that it, *inter alia*, failed adequately to screen or train its officers and failed to supervise, control and discipline them. The Village's motion is fully briefed, and analysis

begins with the standard governing dismissal motions.

## II. Applicable Legal Standard

Cahokia moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which governs dismissal for failure to state a claim. In assessing a Rule 12(b)(6) motion, the Court must take as true all factual allegations and construe in plaintiff's favor all reasonable inferences. *Massey v. Merrill Lynch & Co., Inc.*, **464 F.3d 642, 656 (7th Cir. 2006)**; *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, **310 F.3d 969, 971 (7th Cir. 2002).**

A complaint should be dismissed only "if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey*, **464 F.3d at 656.** As the United States Court of Appeals for the Seventh Circuit explained:

> "We construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).... Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

*McCready v. EBay, Inc.*, **453 F.3d 882, 887 (7th Cir. 2006).**

Indeed, the law of this Circuit recognizes that, generally, "a party need not plead much to survive a motion to dismiss" - not specific facts, not legal theories, and not anything in anticipation of a possible defense. *Massey*, **464 F.3d at 650 (***citing Xechem, Inc. v. Bristol-Myers Squibb Co.***, 372 F.3d 899, 901-02 (7th Cir. 2004))**. The gist of this Court's inquiry is "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Board of Educ. of City of Chicago*, **434 F.3d 527, 533 (7th Cir. 2006)**. *See also Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 508 (2002) (complaints need not allege facts; they need only present a claim for relief).**

### III.   Analysis

Stated simply, a § 1983 claim requires the plaintiff to allege that a state actor deprived him of a federally-secured right.  *Mosely*, **434 F.3d at 533;** *see also Neuman v. McCoy*, **– F.3d –, 2006 WL 3804383 (7th Cir. 2006) (Section 1983 requires that the defendant's action, or inaction, deprived the plaintiff of a right secured by federal laws or the federal constitution.**).

In the case at bar, the Village moves the Court to dismiss it from this action on the grounds that Dill has failed adequately to plead an established official policy to which Defendants acted in conformance and has failed to allege any official policies, customs, practices or usages, which would form a pattern of persistent practices, that deprived Dill of a constitutional right.

Dill responds that the Village's motion should be denied because questions of fact exist and because it is premature.  Dill asserts that the manner and extent of his beating leads to the conclusion that the Village encourages, condones or allows brutal conduct by its officers.  He states that there has been no discovery of how Village police officers are trained, and no discovery of what policies and procedures, both written and unwritten, govern their conduct.

Dill's complaint alleges, in Count I, that he was beaten and tased while in the custody of the Village, and that Adams and Flinn were acting "under the direction and control" of the Village.  In Count II, Dill realleges the Village's involvement as to these issues and adds that, by virtue of the custodial situation, Dill had a special relationship with the Village that required the Village to provide for his safety.  Dill states that the Village failed to take adequate precautions to prevent the physical abuse inflicted on him by Adams and Flinn, in that it:

 a) failed to adequately screen the aforesaid officers for their violent propensities;
 b) failed to train or adequately instruct the aforesaid police officers and/or other officers in the Village's Police Department on the use of physical force in the arrest of individuals;
 c) knew or should have known about the violent propensities of the aforesaid officers, and

failed to take steps to protect the motoring [sic] public from same by failing to supervise, control, and discipline the aforesaid officers on a continuing basis;

      d) knew or should have known of the violent actions of these officers and others in the Villages [sic] police department, and failed to take adequate steps to control or prevent such acts, thereby creating an atmosphere of tolerance or condonation in the Village's Police Department allowing violations of individual's rights to occur; and

      e) otherwise conspired to violate the rights, privileges, and immunities granted to plaintiff by the Constitution and laws of the United States, and the State of Illinois.  Complaint, ¶ 12.

"Federal complaints plead *claims* rather than facts." *Kolupa v. Roselle Park District,* **438 F.3d 713, 714 (7th Cir. 2006).**  Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain . . . English, of the legal claim."  *Kirksey v. R. J. Reynolds Tobacco Co.,* **168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2).**  "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Kolupa,* **438 F. 3d at 714.**  "A full narrative is unnecessary . . . . Details come later, usually after discovery. . . ." *Id.* (*citing Swierkiewicz,* **534 U.S. at 508;** *McDonald v. Household International, Inc.,* **425 F.3d 424, 427-28 (7th Cir. 2005);** *Bartholet v. Reishauer A.G. (Zurich),* **953 F.2d 1073, 1077-78 (7th Cir. 1992)**).  Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." *Duda v. Board of Education of Franklin Park Public School District No. 84,* **133 F.3d 1054, 1057 (7th Cir. 1998).**

The Village argues that Dill fails to allege any official policies, customs, practices or usages, which would form a pattern of persistent practices, that caused a violation of his constitutional rights.  However, the language of the complaint is sufficient to put the City on notice of Dill's claim against it and the grounds therefor.  *See McCormick v. City of Chicago,* **230 F.3d 319, 325 (7th Cir. 2000)**.  His allegations are supported by facts alleging wrongdoing by the Village.  *Id***.** (*citing Monell***, 436 U.S. at 690, 98 S.Ct. at 2035-36**.  "[C]omplaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule."

*Kolupa* **at 715**.  "When dealing with complaints . . . judges must assume in the plaintiff's favor everything that could be shown consistent with the allegations." *Id.*

Viewing Dill's complaint in this manner, the Court finds that it is better to wait and allow a more complete record to be developed before attempting to decide whether the Village can be held liable on Dill's claims.  Dill is entitled to engage in discovery to determine whether his claims against the Village are meritorious.  The Village will have the opportunity, if it chooses, to renew its arguments at the summary judgment stage.  Accordingly, the Court will deny the Village's motion to dismiss, without prejudice, to allow the development of a more complete record.

### IV.   Conclusion

For the above-stated reasons, the Court **DENIES** Defendant Village of Cahokia's motion to dismiss (Doc. 14).

**IT IS SO ORDERED.**

**Dated this 27th day of February, 2007**

> s/Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**